Coös,
May 7, 1912.

WHITE *v.* FERNALD–WOODWARD Co. & *Trs.*

GERRISH, *Adm'r, v.* WOODWARD & *Tr.*

Individual funds attached for a partnership debt and duly adjudged payable to the plaintiff in the action are not subject to subsequent attachment by the defendant's individual creditors.

FOREIGN ATTACHMENT. White brought suit against the Fernald-Woodward Company, a partnership of which one Woodward was a member, and summoned the Burbank Company and the Orient Insurance Company as trustees. The Burbank Company disclosed that they were indebted to Woodward upon a promissory note for $6,000, but had given him an order on the Insurance Company for $3,060.84, which was to be applied in payment of the note. The Insurance Company disclosed that they had accepted the Burbank Company's order and owed Woodward $3,060.84. Decker appeared as claimant of the money and agreed with White that the court should appoint a receiver to collect it and hold it until the question as to whom it should be paid was determined. The court held that the funds belonged to White. *White* v. *Company, ante,* 83. After the opinion was filed, Decker brought suit against Woodward and summoned the receiver as trustee; and when White moved for judgment in his suit against the Fernald-Woodward Company, in accordance with the decision of the court, Decker again appeared as claimant of the funds. Decker is dead, and his suit against Woodward is prosecuted by his administrator. The question whether White's motion for judgment should be granted was transferred without a ruling from the December term, 1911, of the superior court by *Pike,* J.

*Libby & Coulombe* (*Mr. Coulombe* orally), for White.

*Drew, Shurtleff & Morris* and *Matthew J. Ryan* (*Mr. Morris* orally), for Decker.

YOUNG, J. The rule which prefers an attachment of a person's property by his individual creditors over one made by his partnership creditors (*Jarvis* v. *Brooks,* 23 N. H. 136, 141) is subject to the limitation that the attachment of the individual creditors must be

made before the property is appropriated to pay the partnership debt. *Bowker* v. *Smith*, 48 N. H. 111. Money held on trustee process is "appropriated" within this rule at the time the trustee pays it by order of court to or for the use of the plaintiff in the action in which it is attached. The court had decided that White was entitled to judgment and ordered the trustee to pay the money to a receiver, to hold for the use of either White or Decker, as their right should appear, long before Decker attached it. The money, therefore, had been appropriated to pay White's claim when Decker attached it. Consequently he takes nothing by his attachment.

*Case discharged.*

All concurred.